**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RANDY SALTIS,** ) | **CASE NO. 1:14CV493** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **POLYONE CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Partial Motion (ECF DKT #4) of Defendants, PolyOne Corporation and Kevin Maggioli, to Dismiss Count V of Plaintiff's Complaint. For the following reasons, the Motion is granted and Plaintiff's Ohio common law claim for Intentional Infliction of Emotional Distress (Count V) is dismissed.

**I. FACTUAL BACKGROUND**

Plaintiff, Randy Saltis, was employed by PolyOne from June 6, 1988 to August 13, 2013, most recently as a Production Operator. In 2007, Plaintiff's wife, Lauren, unexpectedly died. Plaintiff became severely depressed and went on short-term disability leave. While on leave, Plaintiff also developed Crohn's disease and fibromyalgia. Upon Plaintiff's return to work in 2009, he submitted to a medical examination; and thus, disclosed to PolyOne that he suffered from severe depression, Crohn's disease and fibromyalgia. He also applied to take intermittent leave under the Family Medical Leave Act ("FMLA").

Plaintiff alleges that, from 2009 until his termination in 2013, he was treated differently than similarly situated, non-disabled employees. PolyOne began disciplining him

allegedly without cause or justification. Defendant Maggioli, an Operations Manager, questioned Plaintiff's use of FMLA leave. Maggioli allegedly told Plaintiff, in August of 2011, that "I never use sick time" and "I'm not crazy about FMLA." (ECF DKT #1, ¶31).

In July of 2012, Maggioli issued a Letter of Reprimand to Plaintiff, knowing that the mistakes and errors attributed to Plaintiff were specious and misleading. (*Id*., ¶¶36-40). Maggioli also allegedly lowered Plaintiff's performance evaluation scores, without justification, because of Plaintiff's disability, to dissuade him from continued use of FMLA and to retaliate against Plaintiff for using FMLA.

In 2013, Maggioli placed Plaintiff on a Performance Improvement Plan and demoted him.

In April 2013, Plaintiff suffered a flare-up of his Crohn's symptoms and took a short FMLA leave. Upon his return, Maggioli allegedly lectured Plaintiff on his attendance and "wrote him up." (*Id*., ¶60).

On August 13, 2013, Plaintiff was terminated. Plaintiff alleges that PolyOne's justification for the termination was merely pretext for disability discrimination and for FMLA retaliation.

Plaintiff filed his Complaint in Lorain County Common Pleas Court and Defendant filed a Notice of Removal on March 4, 2014. In Count V, Plaintiff alleges as follows:

> 90. Defendants intended to cause Saltis emotional distress, or knew that their acts or omissions would result in serious emotional distress to Saltis.
>
> 91. Defendants conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.
>
> 92. As a direct and proximate cause of Defendants' acts and omissions as set

>forth above, Saltis has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.
>
>93. As a direct and proximate cause of Defendants; conduct and the resulting emotional distress, Saltis suffered and will continue to suffer damages.

(ECF DKT #1-1).

On March 11, 2014, Defendants moved to dismiss Count V contending the factual allegations in the Complaint do not demonstrate extreme and outrageous conduct by Defendants or that Plaintiff suffered severe and debilitating emotional distress.

## II. LAW AND ANALYSIS

**Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir.2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir.1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

>In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 679.

**<u>Count V: Intentional Infliction of Emotional Distress</u>**

The elements of an Intentional Infliction of Emotional Distress claim in Ohio are: (1) the defendant intended to cause emotional distress, or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's harm; and (4) the plaintiff's emotional harm is so severe that no reasonable person would be expected to endure it. *Hale v. Village of Madison*, 493 F.Supp.2d 928, 940 (N.D.Ohio 2007). Plaintiff's Count V simply parrots these elements; and this is just the pleading deficiency that *Twombly* and *Iqbal* intended to address.

"[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Baab v. AMR Services Corp.*, 811 F.Supp. 1246, 1269 (N.D.Ohio 1993). "Liability has been found only where the conduct has been so outrageous, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Baab*, at 1269.

Federal courts, in applying Ohio law, have consistently held that employment termination alone, without something more, cannot support a claim for Intentional Infliction of Emotional Distress. See *Shoemaker-Stephen v. Montgomery County Bd. of Com'rs* 262 F.Supp.2d 866, 888 (S.D.Ohio 2003). Under Ohio law, an at-will employee "may be terminated at any time for any lawful reason or for no reason at all." *Herrington v. DaimlerChrysler Corp.*, 262 F.Supp.2d 861, 864 (N.D.Ohio 2003). Moreover, "an

employee's termination, even if based upon discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more. If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress." *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 375-76 (6th Cir.1999).

Thus, the Court finds that the adverse employment action taken against Plaintiff, even with the proffered allegations of disability discrimination, FMLA interference and retaliation, would not cause the average person to shout, "Outrageous!" *See* Restatement (Second) of Torts § 46.

### III. CONCLUSION

Defendants' Partial Motion (ECF DKT #4) to Dismiss Count V of Plaintiff's Complaint is granted.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: April 14, 2014**